Reed, P. J.,
delivered the opinion of the court.
The contention of counsel for appellant is that the court erred in modifying the first decree and entering the second, and may be briefly stated by copying a paragraph of the brief filed:
“ While a portion of the order made July 14th purports to be an amendment of the judgment entered April 28th, in so far as it adds anything to that judgment, it is in effect a new judgment entered nunc pro tunc, as of April 28, 1894. The new portion is the condition that if the $3,000 is not paid by May 9th the injunction shall be dissolved and the costs taxed to the plaintiff.
“Admitting, for the purpose of the argument only, that this condition was a proper one to have been inserted in the original judgment at the time it was rendered, still the court had no power to make such an order nunc pro tunc. Nunc pro tunc entries should not be made merely to modify past acts or supply past omissions of the court.” All the authorities relied upon for reversal are based upon this view of the case.
Before discussing this contention, it may be well to take up the finding of facts and the first decree. The court found that'on the 15th of June, plaintiff was notified by the defendants that they had elected not to keep the stock, and demanded of the plaintiff payment of 17J- cents per share for it, and then proceeded to make its decree in favor of plaintiff, notwithstanding the fact that there was no compliance'on'the part of plaintiff or Dungan & Coleman with the terms of the contract in regard to the stock, nor an offer *147 to comply. The terms of the contract are express and need no construction. “ That in case we do not desire said stock at the expiration of this escrow, then and in that case the said Dungan & Coleman are to be bounden to us to take up said stock and pay us therefor at that time 17i cents per share, and each certificate shall bear such an agreement across the face of the same and this escrow agreement shall cover such understanding and agreement.” The escrow agreement expired June 15th. The election was to be made at its expiration. It was made, if not previous to, upon such expiration. The taking up of the stock and paying the stipulated price was as much a condition precedent to the right to receive the deeds as any other provision in it.
The following allegation in the complaint was not sustained, nor was there any evidence in support of it: “ That the said stock delivered as aforesaid * * * to the said defendants had never been returned * * * and the same is now in the possession of said defendants or some of them, and is still held and claimed by them.” It was delivered to the nominal defendant, Derst, where it remained, the defendants not having accepted it. That Derst was but a nominal defendant is clear. He was made the custodian of the papers and the agent or trustee of both parties to carry out the contract made, and no charges of a breach of the' trust or of bad faith were made; and the court in its first decree, in finding that the plaintiffs, without having redeemed the stock, or redeeming it, were entitled to the delivery of the deeds upon the payment of the last installment of $3,000, erred. By a comparison of the two decrees, it will be observed that the only modification or amendment attempted was that in case the plaintiff failed to pay into court the $3,000, on or before the 9th day of May, the preliminary injunction was to be dissolved. The injunction was only .ancillary, to preserve matters in' statu quo until the determination of the rights of the parties, and the subsequent order dissolving it, whether •i;ight or wrong, in no way affected the substantial rights of *148 the parties, and, if unwarranted, is no ground for the reversal of the decree.
The first decree must be regarded as interlocutory. It depended upon a contingency, and could only be operative by the plaintiffs depositing with the clerk of the court $3,000 on or before the 9th day of May; and although in its complaint plaintiff offered to make the deposit, and the court so ordered, plaintiff made default. It is evident there could be no final decree until the expiration of the time, and the character of the decree was dependent upon compliance with the order. Without performance on the part of the plaintiff with the important prerequisite upon which the judgment was contingent, plaintiff was in no condition to complain of an amendment or abrogation. Failing to comply, plaintiff could assert no rights under it.
In view of the interlocutory decree, and its plain, unequivocal language, requiring the payment of $3,000 to be paid into court by a certain date, we are at a loss to understand how it could have heen misunderstood by counsel, who say in argument: “ The only liability imposed upon the plaintiff by the judgment entered April 28th was to pay the sum of $3,000. The judgment provided no extraordinary means for enforcing the payment, and the plaintiff was entitled to suppose that only the ordinary means provided by law would be used.” Comment is unnecessary. The order required it to be paid into court, not that the parties have judgment for it, to be collected by process from the court.
It is urged in argument by counsel for appellant that the court erred in the decree by failing to protect the sureties on the injunction bond. They say “ that the injunction should not have been dissolved without providing that the sureties on the bond should not be liable.” This contention may be very briefly answered. The condition of the bond is that they will pay all damages awarded in case the injunction is dissolved. No damages were awarded; hence no liability existed at that time, and until there was a liability claimed, sureties needed no protection. Second, the sureties were not *149 parties to the suit nor interested in anything that occurred, consequently cannot participate in the review.
It follows that the final decree of July 14, 1894, was correct and must be affirmed.

Affirmed.